IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-08-0700 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DR. FAMIGLIO, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Dawn Marie Ball is an inmate confined at the State Correctional Institution at Muncy, Pennsylvania. She filed this civil rights action on April 14, 2008, pursuant to 42 U.S.C. § 1983. Since that time, she has been provided the opportunity to submit two (2) amended complaints in this matter. The purpose of this Memorandum is to resolve the procedural confusion which currently exists on the docket, and to the motions which are presently pending in this action.

I.    Background

A brief review of the tortured procedural history of this case is in order. In conducting a preliminary review of Ball's original complaint, the Court found that the complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). (Doc. No. 7.) In the complaint, Plaintiff named as defendants the SCI-Muncy Prison, and SCI-Muncy Medical and Psychology Departments. Because these defendants are not persons for purposes of maintaining a civil rights action, see Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), Plaintiff was afforded the opportunity to submit an amended complaint.

On May 5, 2008, an amended complaint was filed setting forth numerous inadequate medical care claims against twenty-seven (27) SCI-Muncy employees. (Doc. 11.) Following

service of the amended complaint, motions to dismiss were filed by three separate groups of defendants. Plaintiff failed to oppose the motions, and was ordered to do so. (Doc. No. 27.) Some time later, she wrote to the Court claiming she had never received copies of Defendants' motions and briefs, despite the fact that Certificates of Service were attached to these documents. Nevertheless, and in the interests of justice to this pro se Plaintiff, the Court directed the Clerk of Court to supply Plaintiff with copies of the relevant documents. (Doc. No. 34.) When Plaintiff again failed to respond to the motions, an order was issued directing her to do so. (Doc. No. 36.) Thereafter, Ball sought an enlargement of time within which to file her responses. However, because in reviewing the Defendants' motions it appeared clear that the filing of a second amended complaint was warranted, an Order was issued on March 26, 2009, granting Defendants' motions only to the extent that Plaintiff was directed to submit a second amended complaint in this matter.[1] She was afforded twenty (20) days within which to do so.

To date, Plaintiff has never filed a second amended complaint in accordance with this Court's directive of March 26, 2009. Rather, she has bombarded the Court with letters, requests and motions, most of which are irrelevant in view of the fact that she has never filed her amended complaint in this matter. In reviewing her later correspondences, she now appears to maintain that she had no knowledge of the Court's March 26, 2009 Order directing the filing of an amended complaint. With this background in mind, the Court will now address the motions

---

[1] In their motions Defendants moved for dismissal of the amended complaint on the basis that the complaint was one continuous paragraph setting forth numerous allegations of inadequate medical and dental care, devoid of any dates or time periods as to when the violations took place. In an effort to move the case along, the Court directed the filing of a second amended complaint as opposed to granting Plaintiff any further enlargement of time within which to oppose these motions, as it was clear that the filing of a second amended complaint was necessary.

pending in this case.[2]

## II. Discussion

### A. Motion for Counsel

Pending is Plaintiff's third motion for the appointment of counsel. (Doc. No. 39.) The Court will not reiterate the standard utilized in deciding a motion for counsel filed by a prisoner, as it has previously been set forth not only in this case, but recently in other civil actions Plaintiff is litigating before the Court at this time.[3] Because Plaintiff fails to come forth with any new arguments in support of the appointment of counsel, her motion will be denied without prejudice at this time.

### B. Request for Entry Default

Plaintiff requests the entry of default with respect to all of the Defendants named in the amended complaint in this action. Clearly, in light of the March 26, 2009 Order granting Defendants' motions to dismiss to the extent that Plaintiff is directed to file a second amended complaint in this action, and the fact that she has failed to do so, any request for default must be

---

[2] The Court notes that Plaintiff is by no means a neophyte with respect to litigation in this Court. At the present time she has seven (7) active civil cases pending, and is a prolific filer. One practice she often engages in is filing a single motion which lists each of the civil action numbers of her pending cases. While the motion may not necessarily be relevant to each case, the Clerks Office has been docketing the filing in each of the referenced actions. This creates unnecessary confusion in the dockets of the individual cases. As such, Plaintiff is advised that in the future, she is directed to only reference the relevant civil action number in her filings. If she fails to do so, her filing will be returned to her and not docketed by the Clerk of Court in any action.
  Plaintiff is further cautioned about her routine practice of submitting letters to the Court wherein she complains about her conditions of confinement. While the Court is sympathetic to her plight, any request for relief from the Court must be filed pursuant to a formal motion.

[3] See Ball v. Hartman, et al., Civ. No. 09-844 (Doc. No. 32) and Ball v. Beard, et al., Civ. No. 09-845 (Doc. No. 21).

denied. Since the filing of her request for default Plaintiff has informed the Court that she never received the Order of March 26, 2009, directing a second amended complaint. As such, the Clerk of Court will be directed to provide Plaintiff with a copy of the March 26, 2009 Order, and she will be afforded fifteen (15) days within which to file a new amended complaint in accordance with the Court's directive.

### C. Discovery Motions

Based upon the discussion above and the fact that Plaintiff has not yet filed her second amended complaint in this matter, the outstanding discovery-related motions are clearly subject to dismissal without prejudice as premature in light of the procedural status of this case. Accordingly, Plaintiff's Motion to Compel Evidence and Discovery (Doc. No. 62) and Motion to Order Prison Officials to Allow Interviews and Declarations (Doc. No. 70) are dismissed without prejudice as premature. Further, the Clerk of Court will be directed to strike from the record and return to Plaintiff the declarations she submitted on October 9, 2009 (Doc. Nos. 75-79), as they are not related to any motion presently pending in this matter.

### D. Motion for Injunctive Relief

Plaintiff has filed a motion seeking injunctive relief. (Doc. No. 40.) In the brief in support of her motion, she claims that on March 31, 2009, several staff members at SCI-Muncy used excessive force against her. She further alleges that following the assaults, her legal property was confiscated, she was confined in a "strip cell" with only a blanket and a quilt, and she was denied medical treatment with regard to the injuries sustained in the assault. The claims set forth in the motion are not with respect to Defendants named in this action. As relief, Plaintiff seeks an order directing certain staff members to stay away from her, or her transfer to a

different institution. For the reasons that follow, the motion will be denied.

An injunction is an "extraordinary remedy" that is never awarded as of right. <u>Winter v. Natural Resources Defense Council</u>, __ U.S. __, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008). The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. <u>Rogers v. Corbett</u>, 468 F.3d 188, 192 (3d Cir. 2006); <u>Crissman v. Dover Downs Entertainment Inc.</u>, 239 F.3d 357, 364 (3d Cir. 2001); <u>see</u> <u>also</u> <u>United States v. Bell</u>, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). These same factors are used to determine a motion for a temporary restraining order. <u>Bieros v. Nicola</u>, 857 F. Supp. 445, 446 (E.D. Pa. 1994). It is the moving party that bears the burden of satisfying these factors. <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. <u>Stilp v. Contino</u>, 629 F. Supp. 2d 449, 457 (M. D. Pa. 2009), <u>citing</u> <u>Swartzwelder v. McNeilly</u>, 297 F.3d 228, 234 (3d Cir. 2002).

The moving party must produce evidence sufficient to convince the court that all four factors favor injunctive relief, and the court must endeavor to balance all four factors; however, as a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. <u>See</u> <u>Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc.</u>, 42 F.3d 1421, 1427 & n. 8 (3d Cir. 1994).

Without unnecessary elaboration, Ball has failed to make a clear showing that there is a

likelihood of success on the merits, and that she will suffer irreparable injury if her motion is denied. First, in responding to the motion, Defendants point out that the allegations set forth in the motion do not involve them. Plaintiff's claims and the relief she seeks are with respect to individuals not a party to this action. Further, they state that Plaintiff is no longer confined in the strip cell about which she complains in her motion. Third, while Plaintiff has filed a supplement to her motion for injunctive relief, she generally complains about her conditions of confinement, claims that she is currently pursuing in other civil rights actions presently pending before this Court. Clearly she has an adequate remedy at law, as she is utilizing that remedy, and there is no indication that she will suffer irreparable harm before a decision on the merits can be rendered. In addition, with respect to the claims she raises in her motion against individuals not a party to this lawsuit, Plaintiff is able to file a new action to pursue those claims. Thus, Plaintiff clearly fails to establish irreparable harm in this matter.

To the extent Plaintiff requests a transfer to an other prison, it is well established that an inmate has no justifiable expectation that he or she will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215 (1976). Further, the United States Supreme Court has held that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). While Plaintiff further complains about the lack of pens, paper and the alleged interference with her incoming and outgoing mail, the docket in this case clearly reveal otherwise. For these reasons, the pending motion for injunctive relief will be denied. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-08-0700 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DR. FAMIGLIO, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW, THEREFORE, THIS 3rd DAY OF FEBRUARY, 2010,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for Counsel (Doc. No. 39) is **denied without prejudice**.

2. Plaintiff's Request for Entry of Default (Doc. No. 47) is **denied.**

3. Plaintiff's Motion to Compel Evidence and Discovery (Doc. No. 62) and Motion to Order Prison Officials to Allow Interviews and Declarations (Doc. No. 70) are **dismissed without prejudice as premature**. The Clerk of Court is directed to strike from the record and return to Plaintiff the declarations submitted on October 9, 2009. (Doc. Nos. 75-79.)

4. Plaintiff's Motion for Injunctive Relief (Doc. No. 40) is **denied**.

5. The Clerk of Court is directed to provide Plaintiff with a copy of this Court's Order of March 26, 2009 (Doc. No. 38). Within fifteen (15) days from the date of this Order, Plaintiff is directed to file a second amended complaint in compliance with said Order. The Clerk of Court shall provide to Plaintiff a blank copy of a § 1983 civil rights form for her use in doing so.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania