IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | CIVIL NO. 1:CV-08-0700 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DR. FAMIGLIO, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

**I.  Background**

Plaintiff Dawn Marie Ball brings this action under 42 U.S.C. § 1983.  Named as Defendants are numerous employees at the State Correctional Institution at Muncy (SCI-Muncy), Pennsylvania, Plaintiff's current place of confinement.  Set forth in the complaint are claims including inadequate medical and dental care, excessive force and retaliation.  On March 31, 2011, the Court issued a Memorandum and Order denying, without prejudice, Plaintiff's fourth motion seeking the appointment of counsel in this matter, and denying a motion for injunctive relief.  (Doc. No. 116.)  In addition, a motion to dismiss filed by Defendants Wood and Shiptowski was granted, and these Defendants were dismissed from this action.  Also, motions to dismiss filed by the Medical Defendants and the Corrections Defendants were granted in part and denied in part.[1]  Deadlines were also imposed with respect to conducting discovery and the filing of dispositive motions.

Since the issuance of the March 31, 2011 Memorandum and Order, the remaining

---

[1] The March 31, 2011 Order was later amended on May 27, 2011, to clarify that Defendants B. Mensch, N. Mensch and Jarrett are still in the action with respect to Plaintiff's claim that they refused to provide medical treatment to her following an assault by staff in August of 2007.  (Doc. No. 140.)

Defendants have filed answers to the amended complaint, and discovery is taking place.[2] On May 2, 2011, Defendants' motion to depose Plaintiff was granted. (Doc. No. 124.) Presently before the Court for consideration is Plaintiff's fifth motion for the appointment of counsel (Doc. 132) and motion for postponement of the deposition (Doc. No. 141).[3] For the reasons that follow, the motions will be denied.

## II.     Discussion

### A.     Motion for Appointment of Counsel

In support of her fifth request for the appointment of counsel in this case, Plaintiff sets forth a variety of reasons why she is unable to represent herself in this case. Many of these reasons have previously been addressed and rejected by the Court, such as her inability to afford counsel, the complexity of the case, the limits her confinement in the Restricted Housing Unit ("RHU") impose upon her and her psychiatric problems. She also alleges the familiar claims that the prison officials at SCI-Muncy continually obstruct her efforts to present her lawsuits by stealing her legal work, and that she does not have paper and envelopes or adequate funds to send mail to the Court. Other arguments raised by Plaintiff in support of counsel appear to be new. She claims that she now has failing eyesight and that the computer in the RHU library is "always down." (Doc. No. 132 at 1-2.)

---

[2] On May 9, 2011, Plaintiff filed "responses" to the answers with affirmative defenses submitted by Defendants to the amended complaint. (Doc. Nos. 128, 129.) The Clerk of Court will be directed to strike these filings from the record. Fed. R. Civ. P. 7(a) addresses the matter of pleadings allowed in a civil case, and does not provide for the filing of a reply to an answer without leave of court unless the answer contains a counterclaim or a crossclaim. Defendants' answers do not include counterclaims or crossclaims. As such, Plaintiff's responses to the answers are improper, and will be stricken from the record.

[3] Also pending is Plaintiff's motion to conduct the deposition of all Defendants (Doc. No. 130) that will be addressed in a separate Memorandum and Order.

This Court has previously set forth the legal standard utilized in evaluating a motion for the appointment of counsel filed by an inmate in a federal civil rights action, and on multiple occasions thereafter relied upon that standard in denying Plaintiff's requests for counsel. (Doc. Nos. 13, 28, 80 and 116.) As such, the Court will assume the familiarity of the parties with these principles, and will not repeat them again herein.

For the most part, Plaintiff asserts many of the same reasons in support of counsel that have already been considered and rejected by the Court. While she contends that she has psychiatric problems and failing eyesight, and that prison officials are obstructing her ability to access the court, a review of the docket not only in this case but also in the other cases Plaintiff has filed with this Court undermine any need on her part for counsel. In fact, the dockets reveal that Plaintiff is experiencing no difficulty whatsoever in preparing and filing documents in the total of eight (8) actions she presently has pending before this Court.[4] The Court has been bombarded with motions, letters and requests from Plaintiff, all indicating she has paper, envelopes and postage. More importantly, her filings are coherent, relevant and responsive to the issues pending in her actions. For these reasons, the prior decisions of this Court finding that Plaintiff has not demonstrated the need for counsel to represent her in this matter remain unchanged. Accordingly, the instant motion for counsel will be denied, but without prejudice should circumstances change.

---

[4] In addition to the above-captioned matter, the following civil actions filed by Plaintiff are also presently pending before the Court: Ball v. SCI Muncy, et al, No. 08-cv-701 filed April 14, 2008; Ball v. Hill, et al., No. 09-cv-773 filed on April 22, 2009; Ball v. Beard, et al, No. 09-cv-845 filed on May 5, 2009; Ball v. Lamas, et al., No. 09-cv-846 filed on May 5, 2009; Ball v. Bower, et al., December 17, 2010; Ball v. Sisley, et al, No. 11-cv-877 filed May 9, 2011; and Ball v. Butts, No. 11-cv-1068 filed June 3, 2011. This information was obtained through the Official Court Electronic Document Filing System.

### B. Motion to Postpone Deposition

Recently, and subsequent to the filing of the above motion for counsel, Plaintiff submitted a motion to postpone her deposition apparently scheduled to be conducted by Defendants on June 9, 2011. (Doc. No. 141 at 4.) Plaintiff seeks to postpone the deposition until such time as the Court rules on the motion for counsel. She maintains in this filing that counsel is necessary to accompany her to the deposition to protect her rights because she is inexperienced. Plaintiff expresses concern that without an attorney she may provide answers at the deposition that will be used against her.

Any motion to postpone the deposition on the basis that the motion for counsel remains outstanding is now moot in that the motion for counsel has now been ruled upon and denied. To the extent the motion to postpone can be construed as another request for counsel on the basis of the impending deposition, this fact does not alter the Court's finding that counsel is not warranted in this case. Plaintiff seeks assistance from counsel based upon her claims that she is unskilled in legal matters and concerned about the use of her testimony at a future trial in this case. Even assuming that the claims remaining in this action are meritorious, this does not dictate a finding that counsel must be appointed to represent her in the deposition. As explained by the Third Circuit Court of Appeals, although "inmates must be afforded meaningful access to the courts under the First Amendment ... access to the courts is not the equivalent of access to lawyers in civil cases." Dover v. Diguglielmo, 181 F. App'x 234, 237 n.2 (3d Cir. 2006). While the Court appreciates the difficulties that pro se inmate litigants face in bringing actions in federal court, it does not necessarily follow that the failure to appoint counsel is tantamount to depriving pro se litigants of their right to access to the courts. Plaintiff is an example of a pro se

litigant that is clearly able to represent herself in this action. Throughout the litigation of this case thus far, she has demonstrated that she is literate, comprehends the law, and is at times savvy in her prosecution of this case.

The Court also notes that while Plaintiff may not look forward to her deposition, the Defendants certainly have the right to prepare their defense against Plaintiff's claims in this case. See Hickman v. Taylor, 329 U.S. 495, 507 (1947)("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). A deposition under oath is a proper discovery tool and Defendants properly obtained leave of Court prior to scheduling the deposition. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998); see also Fed. R. Civ. P. 30(a)(2)(B) (providing that a party must obtain leave of court to depose a person who is confined in prison). On May 2, 2011, the Court entered an order authorizing Defendants to conduct Plaintiff's deposition. (Doc. No. 124.) With this said, Plaintiff's motion to postpone the deposition pending the appointment of counsel will be denied. The Court fully expects that Plaintiff will comply with the deposition scheduled by Defendants in this matter. Should Plaintiff decline to attend or participate in her deposition, sanctions may be appropriate, including the potential dismissal of this action. See Hicks, 850 F.2d at 156 (affirming the dismissal of an action as a result of Plaintiff's persistent refusal to comply with the discovery process, including his refusal to attend depositions.) An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | **CIVIL NO. 1:CV-08-0700** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DR. FAMIGLIO, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW, THEREFORE, THIS 6th DAY OF JUNE, 2011,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Clerk of Court is directed to strike from the record and return to Plaintiff the Responses filed to Defendants' answers to the amended complaint. (Doc. Nos. 128, 129.)

2. Plaintiff's Motion for Counsel (Doc. No. 132) is **denied without prejudice**.

3. Plaintiff's Motion to for Postponement of the Deposition (Doc. No. 141) is **denied.**

4. The Clerk of Court is directed to fax a copy of this Memorandum and Order to the Litigation Coordinator (Assistant to the Superintendent) at the State Correctional Institution at Muncy for delivery to Plaintiff in light of the deposition scheduled for this week.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania