## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BALL,** | : | **CIVIL NO. 1:08-700** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DR. FAMIGLIO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This case is a civil rights action filed by Dawn Ball, a state prisoner, who alleges that her constitutional rights were violated in connection with medical and dental care that she received in 2007 while housed at the State Correctional Institution (SCI) Muncy. Presently before the court a two potentially dispositive motions for summary judgment which have been filed by the defendants. (Docs. 177 and 182.) The plaintiff has not yet responded to these motions, and has requested an extension of time in which to respond to these motions. (Doc. 194.)

Also pending before the court are a series of discovery motions filed by the plaintiff. (Docs. 130, 147, 170, 171, 194 and 196.) In some instances these discovery motions have been fully briefed by the parties. (Docs. 136, 142, 155.) In other instances, Ball has violated Local Rule 7.5 by failing to file briefs in support of these

discovery motions. (Docs. 170, 171, 194.)

On October 4, 2011, this matter was referred to the undersigned for pre-trial management. (Doc. 198.) Upon our review of these outstanding motions, for the reasons set forth below, in the exercise of our discretion over these discovery matters, we will deny the various discovery motions filed by Ball, without prejudice to renewal of these motions, if necessary, once the court has addressed the merits of the potentially dispositive pre-trial motions that are currently pending in this case. We will also set a schedule for the prompt resolution of these potentially dispositive motions.

II.     **Discussion**

A.     **Guiding Principles Governing Discovery Motions Practice**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

(a) Motion for an Order Compelling Disclosure or Discovery

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is

defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which

provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which

discovery may be compelled, are matters consigned to the court's discretion and

judgment. Thus, it has long been held that decisions regarding Rule 37 motions are

"committed to the sound discretion of the district court." DiGregorio v. First

Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the

scope of discovery permitted under Rule 26 also rest in the sound discretion of the

Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus,

a court's decisions regarding the conduct of discovery, and whether to compel

disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the

court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information"  a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Another immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen

5

Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

Further, we note that nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Review of the case law reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery.  See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition.");

Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as

to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of

Government funds in civil suits to aid private litigants in conducting pre-trial

discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no

provision in [28 U.S.C. § 1915] for the payment by the government of the costs of

deposition transcripts, or any other litigation expenses, and no other statute authorizes

courts to commit federal monies for payment of the necessary expenses in a civil suit

brought by an indigent litigant."). Thus, as a general rule,  the Court lacks the lawful

authority to help finance, or relieve Plaintiff from, the costs associated with taking

pre-trial discovery.

        Finally, we note that this broad discretion over discovery matters extends to

decisions under Rule 26(c) relating to the issuance of protective orders limiting and

regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and

nature of [a protective order] is singularly within the discretion of the district court

and may be reversed only on a clear showing of abuse of discretion.' Galella v.

Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital

Corp., 963 F.2d 15, 19 (2d Cir. 1992). One of these cardinal principles, governing the

exercise of discretion in this field, is that the district court may properly defer or delay

discovery while it considers a potentially dispositive pretrial motion, provided the

district court concludes that the pretrial  motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

## B.    Ball's Discovery Motions Should Be Denied, or Stayed.

Guided by these legal tenets we conclude that Ball's various discovery motions should either be denied, or stayed, at this time.

At the outset, to the extent that Ball seeks an order form this court directing the defendants to finance the costs of depositions, (Doc. 130), it is clear that she is not entitled to this relief. Quite the contrary, numerous courts have held that federal courts may not relieve indigent litigants from the costs of pre-trial discovery, or shift those costs upon other parties.  See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as

9

to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); <u>see also</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Therefore, this request will be denied.

Further, Ball's motion for authorization to conduct oral depositions of the defendants pursuant to Rule 30 of the Federal Rules of Civil Procedure fails for yet another reason. Under Rule 30, rulings on inmate requests to conduct oral depositions rest in the sound discretion of the court. That discretion, though, is bounded by a basic recognition of the security and logistical difficulties that such depositions present. <u>McKeithan v. Jones</u>, 212 F.App'x 129 (3d Cir. 2007). In light of these logistical and security concerns, it is often preferable for inmates to seek discovery through timely written depositions pursuant to Rule 31 of the Federal Rules of Civil Procedure, a course which Ball has not followed in this case. Given these alternative means of obtaining discovery, and the obvious security and logistical concerns presented by inmate oral depositions, we hold that the proper exercise of discretion in this field would be to deny this inmate request for an order compelling oral depositions, in favor

of Rule 31 depositions through written questions.  <u>McKeithan v. Jones</u>, 212 F.App'x

129 (3d Cir. 2007).

In addition, to the extent that Ball has failed to timely file briefs in support of

several of these discovery motions (Docs. 170, 171), under Local Rule 7.5: "Within

fourteen (14) days after the filing of any motion, the party filing the motion shall file

a brief in support of the motion. If the motion seeks a protective order, a supporting

brief shall be filed with the motion. *If a supporting brief is not filed within the time*

*provided in this rule the motion shall be deemed to be withdrawn*." L.R. Rule 7.5

(emphasis added). Where, as here, a plaintiff fails to comply with Local Rule 7.5 by

filing a brief in support of a motion the district court is well justified in exercising its

discretion by denying the motion. Indeed, as the United States Court of Appeals has

recently observed when *pro se* litigant refuses to comply with the Local Rule 7.5 of the

rules of this court "the decision whether to grant a plaintiff ['s motion] is committed

to the discretion of the District Court. <u>See Lake v. Arnold</u>, 232 F.3d 360, 373 (3d

Cir.2000)." <u>Zied-Campbell v. Richman</u>, No. 09-3680, 2011 WL 2006362, *2 (3d Cir.

May 24, 2011). Thus, Ball's failure to adequately and timely support several of these

motions compels us to deem the motions withdrawn, and deny these requests.

Finally, we note that the defendants have filed  potentially dispositive motions

in this case. The merits of these claims are currently being addressed by the court,

11

ensuring a very prompt resolution of this motion. In this setting, we conclude, consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ( quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, in any event, we will defer further discovery pending resolution of the outstanding summary judgment motions.

An appropriate order follows:

## III.   Order

Accordingly, for the foregoing reasons, the plaintiff's motions to compel and motion for depositions (Docs. 130, 147, 170, 171, 194 and 196), are DENIED, without prejudice to the parties pursuing appropriate discovery once the pending, and potentially dispositive, summary judgment motions are resolved.

It is further ORDERED that the plaintiff's motion for extension of time in which to respond to the summary judgment motions (Doc. 194) is GRANTED, and the

following briefing schedule will apply to these motions: With respect to these motions, the plaintiff shall file a response to the motions in accordance with Local Rule 7.6 on or before **October 28, 2011.** Pursuant to Local Rule 7.7 the movant may then file a reply brief on or before **November 14, 2011.** All briefs must conform to the requirements prescribed by Local Rule 7.8.[1]

So ordered this 7th  day of October, 2011.

*S/Martin C. Carlson*

---

[1]To the extent that Ball believes that discovery is needed to fully respond to these summary judgment motions, she may note that fact through an appropriate affidavit under Rule 56(d) of the Federal Rules of Civil Procedure, which provides that:

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

Martin C. Carlson
United States Magistrate Judge