UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | Civil No. 1:08-cv-700 |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DR. FAMIGLIO, et al.,** | : | |
| **Defendants** | : | |

## ORDER

     **NOW**, on this 8th day of December 2011, **IT IS HEREBY ORDERED THAT** upon a de novo review of Magistrate Judge Carlson's October 7, 2011 Report and Recommendation (Doc. No. 202) and Plaintiff Dawn Marie Ball's objections thereto[1] (Doc. Nos. 204, 205), the Report and Recommendation (Doc. No. 202) is **ADOPTED** and Plaintiff's motion for preliminary injunctive relief (Doc. No. 125) is **DENIED**.

                                                             S/ Yvette Kane
                                                             Yvette Kane, Chief Judge
                                                             United States District Court
                                                             Middle District of Pennsylvania

---

[1] The objections relate solely to the Court's order referring this matter to Magistrate Carlson without Plaintiff's consent. As has been noted by both this Court and Magistrate Judge Carlson, the Federal Magistrates Act grants the Court the authority to refer matters to a magistrate judge without the consent of the parties including pretrial matters, 28 U.S.C. § 636(b)(1)(A), as well as dispositive motions, 28 U.S.C. § 636(b)(1)(B)-(C). See, e.g., Beazer E., Inc. v. Mead Corp., 412 F.3d 429, 438 (3d Cir. 2005) ("The Magistrates Act authorizes district courts to appoint magistrate judges to consider pretrial matters without regard to the parties' consent."); In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) (noting district courts may refer dispositive motions to a magistrate judge for a report and recommendation without a party's consent).